**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JASON MICHAEL MANNING/ROGERS
ADC # 108709**                                                                            **PLAINTIFF**

**V.**                                        **CASE NO. 5:10CV00282 DPM/BD**

**CURTIS L. MEINZER, *et al.***                                             **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge D.P. Marshall Jr.  Any party may file written objections to this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail all objections and any "statement of necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   **Background:**

On March 30, 2010, Jason Michael Manning/Rogers, an Arkansas Department of Correction ("ADC") inmate, filed a grievance complaining that he was being denied full-immersion baptism, in violation of his First Amendment rights.  (Docket entry #78 at p.4) On August 24, 2010, he completed the ADC grievance procedure after a final decision was issued denying his appeal.  (#70-3 at p.3)

On September 21, 2010, Mr. Manning/Rogers filed this lawsuit claiming that Defendants were violating his First Amendment right to freely exercise his religion.  (#1) On April 21, 2011, the Court appointed counsel for Mr. Manning/Rogers (#37), after which he was finally baptized at the ADC on July 25, 2011.  (#78 at p.4)

On August 26, 2011, Mr. Manning/Rogers moved to amend his complaint, and the Court granted the motion.  (#44, #46)  He raised two claims in his Amended Complaint. In Count I, he claimed that Defendants deprived him of his right to freely exercise his religion by denying him the opportunity to receive full-immersion baptism within a reasonable time.  (#47 at pp.5-6)  And in Count II, he claimed that, due to his assignment in the Varner SuperMax Unit of the ADC, Defendants denied him the opportunity to be baptized, and deprived him of a liberty interest without due process of law.  (#47 at pp.6-

2

7)  The Court previously dismissed Mr. Manning/Rogers's claims against Defendants Banks and May as well as his First Amendment claim.  (#78)

Defendants Harris, Meinzer, and Freyder have now moved for summary judgment on the remaining due process claim.  (#84) Through his attorney, Mr. Manning/Rogers has responded to the motion, and the Defendants have replied.  (#86, #87, #88, #91)

Based on the evidence presented, the Court recommends that the motion for summary judgment (#84) be GRANTED.  Mr. Manning/Rogers's claims against Defendant Meinzer in his individual capacity should be DISMISSED, without prejudice, based on a failure to exhaust administrative remedies.  Mr. Manning/Rogers's claims against Defendant Meinzer in his official capacity for monetary damages should be DISMISSED, with prejudice.  Mr. Manning/Rogers's due process claim against Defendants Harris and Freyder should also be DISMISSED, with prejudice.

## III.   Discussion:

A.      Standard

Courts should grant summary judgment when the evidence, viewed in a light most favorable to the nonmoving party, shows no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  As movants in this case, Defendants bear the initial burden of showing that there are no material facts in dispute.  Only if they meet that burden is Mr. Manning/Rogers obligated to come

forward with evidence showing that there is a genuine dispute that must be resolved at a trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).

B.     Official Capacity Claims

Claims for money damages from the Defendants in their official capacities are barred by sovereign immunity.  A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989).  For that reason, Mr. Manning/Rogers's official-capacity claims seeking money damages from the Defendants must be dismissed.

C.     Exhaustion of Administrative Remedies

Defendants contend that Mr. Manning/Rogers failed to exhaust his administrative remedies against them before filing this lawsuit.  It is well settled law that prisoners must exhaust all available administrative remedies[1] before turning to the courts.  42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained").  As a general rule, a court must dismiss all claims that were not fully

---

[1] For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).  It is irrelevant whether a prisoner subjectively believed that there was no point in pursuing his administrative remedies. *Lyon v. Vande Krol*, 305 F.3d 806, 808–09 (8th Cir. 2002); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied 531 U.S. 1156 (2001).

exhausted before the lawsuit was filed. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Here, it is undisputed that Mr. Manning/Rogers fully exhausted only one grievance. (#70-3 at pp.1-3)  In that grievance, he named only Defendants Harris and Freyder. (#70-2 at p.1)  Mr. Manning/Rogers concedes that he did not fully exhaust his administrative remedies as to Defendant Meinzer. (#87 at p.2)  Accordingly, claims against Defendant Meinzer should be DISMISSED, without prejudice.

In their pending summary judgment motion, the Defendants also contend that, because Mr. Manning/Rogers did not specifically complain that his due process rights were violated in his fully exhausted grievance, his due process claims against Defendants Harris and Freyder should be dismissed.  This argument is unpersuasive.

In the grievance at issue, Mr. Manning/Rogers stated that his "constitutional rights [were] being violated by not letting me be baptized." (#86-1)  Although he specifically referred to his "constitutional right [of] freedom of religion," he went on to explain that his requests to be baptized were denied based on his housing assignment and security concerns.

The grievance gave Defendants Harris and Freyder fair notice of the due process claim.  Because Mr. Manning/Rogers fully exhausted his due process claim as to these two Defendants, they are not entitled to summary judgment based on a failure to exhaust administrative remedies.

D.       Due Process Claim - Qualified Immunity

In his amended complaint, Mr. Manning/Rogers alleges "a liberty interest in freely exercising his religious beliefs." (#47 at p.6)  Specifically, he claims that the nature of his confinement "deprived him of a liberty interest," in that while he was housed in the Varner SuperMax Unit, he was denied "multiple requests to be baptized." (#47 at p.7) He argues that this deprivation "constituted [an] atypical and significant hardship[] because the Defendants prevented [him] from exercising his sincerely held religious beliefs." (#47 at p.7)

Defendants contend that Mr. Manning/Rogers had no liberty interest either in being baptized or in having the Defendants find someone to perform his baptism.  In sum, Defendants argue that Mr. Manning/Rogers received all the process he was due, given his assignment to the Varner SuperMax Unit.  In the alternative, they argue that they are entitled to qualified immunity.[2]

In response to the summary judgment motion, Mr. Manning/Rogers argues that the Defendants are liable either because they failed to follow the ADC policy governing baptism or because they failed to formulate a more detailed procedure to address inmate

---

[2]  The Defendants also argue that Mr. Manning/Rogers is not entitled to compensatory damages because he did not suffer any physical injury as a result of the delay in his baptism.  Because the Court recommends that the Defendants' motion be granted on the basis of qualified immunity, their lack-of-injury argument is not addressed in this Recommendation.

baptismal requests.  According to Mr. Manning/Rogers, this led to the Defendants'

arbitrary decision to deny his repeated requests to be baptized.

 Some courts have specifically held that the First Amendment includes a liberty

interest that protects a prisoner's right to practice his religion.  See *Ramsey v. Goord*, 661

F.Supp. 2d (W.D. N.Y. 2009) (stating "among the 'most basic liberty interests' retained

by prison inmates is the First Amendment right to freely exercise religion") (citing *Ford*

*v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003)); and *Chambers v. Eppolito*, 2007 WL

1892093 (D.N.H. 2007).  Under this line of reasoning, prisoners are entitled to due

process before the state can interfere with their religious practices.  *Chambers*, 2007 WL

1892093 at *12.

Here, however, the Court has already determined that the Defendants, "did not do

enough, soon enough to coordinate a commonplace free-exercise request for baptism."

(#78 at p.6)  But the Court also found that the Defendants were entitled to qualified

immunity on Mr. Manning/Rogers's free-exercise claim because "the particulars of what

more the ADC officials should have done [were] not so clearly established that they

should be held legally responsible."  (#78 at p.7)  The same conclusion applies to Mr.

Manning/Rogers's due process claim.

As of March, 2010, there was no case law addressing the speed by which a state

official was required to respond to an inmate's legitimate request for baptism.  If the

Defendants were not charged with knowing that their conduct violated the free-exercise

clause of the constitution, there is no reason to suppose that they should have known what procedural protections, whether pre-deprivation or post-deprivation, Mr. Manning Rogers should have been afforded.  In other words, unless the Defendants knew or should have known of Mr. Manning/Rogers's substantive First Amendment right, there is no basis to hold them liable for failing to appreciate the procedures constitutionally required to deprive him of that substantive right.  If the Defendants are entitled to qualified immunity on the underlying claim – that is the denial of the substantive constitutional right– they are necessarily entitled to qualified immunity on what is essentially a derivative procedural due process claim.[3]

In his response to the summary judgment motion, Mr. Manning/Rogers argues that the process he received was inadequate under the balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (explaining test used to determine whether administrative procedures comply with procedural due process).  He notes that he had a significant private interest in being baptized; that the ADC procedure governing inmate baptismal requests "allowed for inaccurate and unjustified state-made decisions"; and that

---

[3] In their reply brief, Defendants note that Mr. Manning/Rogers's due process claim was based on the nature of his confinement in the Varner SuperMax Unit, without specific reference to procedures to protect an inmate's right to baptism.  They argue that because Mr. Manning/Rogers did not raise the inadequacy of the ADC procedure governing baptism in his amended complaint, it is too late to raise it for the first time in response to the summary judgment motion.  Because the Court recommends granting summary judgment on the basis of qualified immunity, there is no reason to explore whether the general due process claim adequately encompassed the failure to have appropriate procedures to accommodate an inmate's request for baptism by immersion.

if he had received a prompt baptism, the State would not have incurred significant additional fiscal or administrative burdens.

Assuming that Mr. Manning/Rogers had a liberty interest that was substantially burdened by the Defendants' delay in granting his baptismal request, the procedural protection that he was due was not so clearly established that Defendants Harris and Freyder should be held legally responsible.  Therefore, Defendants Harris and Freyder are entitled to qualified immunity.

**IV.**    **Conclusion:**

The Court recommends that the Defendants' motion for summary judgment (#84) be GRANTED.  Mr. Manning/Rogers's claim against Defendant Meinzer for money damages in his official capacity should be DISMISSED, with prejudice.  His claims against Defendant Meinzer in his individual capacity should be DISMISSED, without prejudice, for failure to exhaust administrative remedies.  Claims against Defendants Harris and Freyder should be DISMISSED, with prejudice, because they are entitled to qualified immunity.

DATED this 20th day of June, 2013.

_____
UNITED STATES MAGISTRATE JUDGE